**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **STORMI JOHNSON ET AL** | **:** | **CIVIL ACTION NO. 2:25-CV-000264** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **FEDERICO GARCIA ET AL** | **:** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is Defendants' *Rule 37 Motion to Compel Discovery Responses* (the "Motion to Compel") which also includes a Motion for Attorney Fees. Doc. 30. Plaintiffs opposed the motion [doc. 38], and Defendants replied [doc. 42]. A hearing was held on April 30, 2026 (the "Hearing Date") and a Joint Local Rule 37.1 Report Regarding Discovery Requests Still in Dispute was subsequently filed. For the reasons set forth below, the Motion to Compel is **GRANTED** but the Motion for Attorney Fees is **DENIED**.

## I.
## BACKGROUND

This dispute arises from a motor vehicle accident involving plaintiffs Stormi Johnson and Richard McCown (collectively, "Plaintiffs") and defendant Federico Garcia. According to Plaintiffs' First Amended Complaint, defendant Garcia's vehicle allegedly struck plaintiff Johnson's vehicle in which plaintiff McCown was a passenger. Doc. 14, ¶¶ 4-6. At the time of the accident, Garcia was allegedly in the course and scope of his employment with defendant Jim Luca Electrical Contractor, Inc. ("JLEC," and collectively with Garcia, "Defendants"). *Id.* at ¶ 5. Accordingly, Plaintiffs claim Defendants are jointly liable for injuries to Johnson's "mind and

body, including her neck, back, legs, and other parts of her body[,]" and McCown's "mind and body, including his right shoulder and other parts of his body." *Id.* at ¶¶ 8-9.

On July 14, 2025, Defendants propounded their first set of interrogatories and requests for production on Plaintiffs (the "Original Requests"). Doc. 30, p. 1. Defendant subsequently propounded supplemental requests for production on Plaintiffs on December 29, 2025 (the "Supplemental Requests").[1] *Id.* According to the Defendants through the instant motion, Plaintiffs untimely produced deficient responses to both sets of requests. *Id.* at att. 17, pp. 1-3. Specifically, Plaintiffs allegedly failed to respond to the Original Requests until August 29, 2025, and to the Supplemental Requests until February 18, 2026. *Id.* at pp. 1-3. Both sets of responses, Defendants allege, were also deficient due to Plaintiffs' counsel's boilerplate and inapplicable objections to many of the requests. *Id.* Plaintiffs, however, subsequently produced some of the requested documents on March 16, 2026, but still refused others. *Id.* at pp. 3-4. Accordingly, Defendants filed the instant motion seeking "an order pursuant to FRCP 37 compelling supplemental responses to the Original Discovery Requests, complete responses to the Supplemental RFPs, and reimbursement of costs and attorney fees associated with the motion to compel." *Id.* at p. 4.

In their opposition, Plaintiffs argue the motion should be denied because they amended their responses by removing objections, providing additional information, and producing requested documents "to the extent possible." Doc. 38, p. 2. Defendants replied, stating that the amended responses remove most, but not all, of the deficiencies. Doc. 42, p. 1. A hearing on the motion was held on April 30, 2026. Doc. 46. After receiving arguments from the parties and making some headway on resolving the discovery disputes between the parties, the court deferred ruling on the

[1] The court notes that separate sets of both the Original Requests and the Supplemental Requests were sent to each individual plaintiff. For simplicity's sake, the court will refer to the separately propounded sets in conjunction as each included identical requests to each plaintiff. *See* doc. 30, atts. 3-4.

motion and ordered the parties to participate in a Rule 37.1 conference to attempt further narrowing of the discovery issues. Doc. 47. The court further ordered that the parties file a joint submission thereafter to specify for the court which issues remain unresolved. *Id.* The parties did so on May 21, 2026, identifying which requests are still in dispute. Doc. 48.

## II.
## LAW AND ANALYSIS

### *A. Motion to Compel*

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)) (brackets in original). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Further, pursuant to Federal Rules of Civil Procedure 33 and 34, objections to an interrogatory or request for production must be made within thirty days after service of the requests. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re U.S.*, 864 F.2d 1153,

1156 (5th Cir. 1989). The Court, however, "retains discretion to decline to compel requested discovery when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made." *Amir Athletic, LLC v. State Farm Fire & Cas. Co.*, No. CIV. A. 11-2082, 2012 WL 520658 at *2 (E.D. La. Feb. 16, 2012); *see also RE/MAX International, Inc. v. Trendsetter Realty, LLC*, No. CIV.A. H-07-2426, 2008 WL 2036816, at *6 (S.D. Tex. May 9, 2008).

With respect to objections on the basis of privilege, however, courts have found that "the failure to timely object on the basis of privilege does not result in an automatic waiver." *Williams v. Jeld-Wen, Inc.*, No. 1:17-CV-01366, 2022 WL 509373 at *9 (W.D. La. Feb. 18, 2022) (citing *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011)). "Rather, a waiver of privilege is a serious sanction reserved for cases of unjustified delay, inexcusable conduct, bad faith, or other flagrant violations." *B&S Equip. Co.*, 2011 WL 2637289 at *5. Nevertheless, Federal Rule of Civil Procedure 26(b)(5)(A) requires parties withholding discoverable information based on a claim of privilege to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Plaintiffs untimely responded to both Defendants' Original Requests and Supplemental Requests. Accordingly, any objections proposed by Plaintiffs in their responses have been waived. Moreover, these untimely objections consist of boilerplate objections that simply accuse the requests of being overbroad, irrelevant, or asking for privileged information. Doc. 30, atts. 3-4. Boilerplate and "conclusory objections that the requested discovery is 'overly broad, burdensome, oppressive and irrelevant' are insufficient[.]" *Scott v. United States Postal Serv.*, No. CV 15-712-BAJEWD, 2016 WL 7440468, at *4 (M.D. La. Dec. 27, 2016) (Citations omitted); *see also*

*Romero v. United States*, No. 6:23-CV-00032, 2024 WL 436892 at *2 (W.D. La. Feb. 2, 2024) ("Boilerplate objections are unacceptable."); *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (Holding that the only thing a boilerplate objection accomplishes is waiver of the objection). Plaintiffs' boilerplate objections are therefore also waived on this basis, save and except for any objection on the basis of privilege.

Although objections based on privilege are given special consideration, any privilege-based objections must be made in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) to be preserved. As there is no indication in the record that Plaintiffs' objections based on privilege were made in accordance with Rule 26(b)(5)(A), i.e., that a privilege log describing the withheld documents was produced, these objections have not been properly preserved. This court, however, elects to exercise its discretion and allow Plaintiffs to make good faith objections based solely upon privilege with respect to the discovery responses ordered herein, provided any such objection not made in compliance with Rule 26(b)(5)(A) will be rejected.

Accordingly, the instant Motion to Compel [doc. 30] will be **GRANTED** as follows:[2]

- *<u>Original RFP No. 16 to both Plaintiffs</u>*: Plaintiffs shall provide a full and complete response within fourteen (14) days of this Order. In the event Plaintiffs contend any of the documents compelled by this Order do not exist or are not in its possession, custody, or control, they shall so state in a declaration under oath or in an unsworn declaration under penalty of perjury (*see* 28 U.S.C. §1746) and such declaration shall be provided to Defendants within the response deadline.
- *<u>Original RFP Nos. 17, 18 & 24 to both Plaintiffs</u>*: Plaintiffs shall provide a full and complete response within fourteen (14) days of this Order. In the event Plaintiffs

[2] The court is using the table jointly submitted by the parties [doc. 48] pursuant to this court's Order [doc. 47] to pinpoint which requests are still in dispute.

contend any of the documents compelled by this Order do not exist or are not in its possession, custody, or control, they shall so state in a declaration under oath or in an unsworn declaration under penalty of perjury (*see* 28 U.S.C. §1746) and such declaration shall be provided to Defendants within the response deadline. To the extent Defendants believe this information may be discoverable through Plaintiffs' medical providers, Defendants shall produce medical authorization forms in the correct form to Plaintiffs within seven (7) days of this Order. Plaintiffs shall provide fully executed medical authorizations to Defendants within seven (7) days of their receipt of the forms from Defendants.

- *Supplemental RFP Nos. 2, 4, & 5-8 to both Plaintiffs*: Plaintiffs shall provide a full and complete response within fourteen (14) days of this Order. In the event Plaintiffs contend any of the documents compelled by this Order do not exist or are not in its possession, custody, or control, they shall so state in a declaration under oath or in an unsworn declaration under penalty of perjury (*see* 28 U.S.C. §1746) and such declaration shall be provided to Defendants within the response deadline.
- *Supplemental RFP No. 9 to both Plaintiffs*: Plaintiffs shall provide a full and complete response within fourteen (14) days of this Order. In the event Plaintiffs contend any of the documents compelled by this Order do not exist or are not in its possession, custody, or control, they shall so state in a declaration under oath or in an unsworn declaration under penalty of perjury (*see* 28 U.S.C. §1746) and such declaration shall be provided to Defendants within the response deadline. Any documents produced by Plaintiffs in response to this request may be redacted to remove personal identifying information of any person not a party to this litigation.

***B. Motion for Attorney Fees***

If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the court must not order the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

As noted during the hearing, defense counsel failed to have a meaningful Rule 37 conference with opposing counsel before filing the instant motion. This failure led to the court expending a considerable amount of time at the hearing parsing through which requests were truly still at issue and an order requiring the parties to hold a supplemental Rule 37 conference. This supplemental conference led to a significant narrowing of the disputed requests before this court. The court, therefore, finds that an award for reasonable expenses and attorney fees is unwarranted. Accordingly, the Motion for Attorney Fees [doc. 30] is **DENIED**.

## III.
## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' *Rule 37 Motion to Compel Discovery Responses* [doc. 30] is **GRANTED** as hereinabove set forth.

**IT IS FURTHER ORDERED** the Defendants' Motion for Attorney Fees in connection with their Motion to Compel [doc. 30] is **DENIED**.

THUS DONE AND SIGNED in chambers this 15th day of September, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE