**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **STORMI JOHNSON, ET AL.** | : | **CASE NO. 2:25-cv-00264** |
| **VERSUS** | : | |
| **FEDERICO GARCIA, ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is Defendants' *Statement of Attorney Fees and Costs Associated with Defendants' Second Motion to Compel Discovery Responses* [doc. 62] filed pursuant to this court's Order [doc. 61] granting Defendants' *Second Rule 37 Motion to Compel Discovery Responses* [doc. 53]. Plaintiffs have filed a response. Doc. 66.

## I.
## BACKGROUND

On September 18, 2026, the court granted Defendants' *Second Rule 37 Motion to Compel Discovery Responses* [doc. 53]. Doc. 61. In the Order, the court found it appropriate to award Defendants reasonable expenses, including attorney fees, incurred in connection with the motion, as mandated by Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. *Id.* at p. 2. In compliance with that Order, Defendants filed into the record a *Statement of Attorney Fees and Costs Associated with Defendants' Second Motion to Compel Discovery Responses* [doc. 62], which was supported by an affidavit of Defendants' counsel and an itemization of the costs and fees incurred. Doc. 62, att. 1. Plaintiffs responded in opposition. Doc. 66. Plaintiffs' response is styled as a response, objection, and motion for reconsideration. *Id.* at 1. To the extent Plaintiffs' response attempts to move for reconsideration of the court's Order [doc. 66, pp. 2–12], such a motion is not properly before the court and will not be considered.

## II.
## LAW

Rule 37(a) of the Federal Rules of Civil Procedure governs motions to compel discovery responses. If a motion to compel is granted or if the requested discovery is only provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" with certain exceptions. Fed. R. Civ. P. 37(a)(5)(A).

"A party can be held responsible only for the reasonable attorneys' fees and expenses caused by the party's misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). There is a strong presumption that an award calculated through the lodestar method is the reasonable fee. *Id.* To calculate the lodestar, the court needs to know the amount of time worked and hourly rates charged. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court must also determine whether the time worked and hourly rates are reasonable. *Id.* The product of these two figures is the lodestar, "which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id.* The party seeking the expense award bears the burden of proving the reasonableness of the number of hours expended and the hourly rate. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997).

## III.
## APPLICATION

"In determining the hourly rates for purposes of calculating the lodestar, a reasonable rate must be determined for each attorney at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Dugas*

*v. Mercedes-Benz USA, LLC*, No. 6:12-CV-02885, 2015 WL 1198604, at *3 (W.D. La. Mar. 16, 2015). "If the hourly rate sought is not opposed, it is *prima facie* reasonable." *Whale Cap., L.P. v. Ridgeway*, No. 22-2570, 2024 WL 640026, at *2 (E.D. La. Feb. 15, 2024). Here, defense counsel attests that he charged Defendants $175 per hour for his work. Doc. 62, att. 1, p. 1. Plaintiffs have not contested the reasonableness of this hourly rate. The court finds, based on its own knowledge and experience as to reasonable fees, that this hourly rate was reasonable. *See Billy Navarre Chevrolet Inc. v. Gotham Ins. Co.*, No. 2:22-CV-02749, 2023 WL 6036357, at *2 (W.D. La. July 20, 2023) (finding rates of $375 per hour for a partner and $250 per hour for an associate reasonable); *Bertram v. Progressive Southeastern Ins. Co.*, No. 19-01478, 2021 WL 433976, at *5 (W.D. La. Feb. 8, 2021) (finding $350 per hour to be a reasonable and appropriate rate).

The affidavit indicates defense counsel spent 27.5 hours "in connection with Plaintiffs [sic] failure to respond to the subpoena duces tecum." Doc. 62, att. 1, p. 1. The court's Order, however, awarded reasonable expenses *incurred in connection with the motion to compel* [doc. 53]. After reviewing the itemized entries in the affidavit, the court finds certain entries do not fall within the scope of the Order. For example, multiple entries refer to defense counsel's efforts to set a Rule 37.1 conference and his efforts to obtain discovery. Doc. 62, att. 1, pp. 2–3. Counsel also seeks to recover expenses for work on discovery issues that were not the subject of the motion to compel, such as Plaintiffs' independent medical examinations, as well as work on unrelated motions and settlement efforts. *Id.* at pp. 4–6. Defendants cannot recover for such expenses.

The court further finds that certain entries had unreasonably excessive times billed, such as 0.8 hours for the preparation of the Rule 37.1 certificate, 1.6 hours to revise the reply brief after billing 2.7 hours for preparing the brief, and 3.4 hours to prepare defense counsel's affidavit. *Id.* at

pp. 2–4, 7. The court finds a reasonable time for each of these tasks to be 0.4 hours for the Rule 37.1 certificate, 0.8 hours to revise the reply brief, and 1.5 hours to prepare the affidavit.

Based on the reductions addressed above, the court finds a reasonable total amount of time worked to be 21.4 hours. These hours multiplied by Mr. Butterfield's $175 hourly rate yield a total of $3,745. The court also finds the mileage expense of $258.10 for counsel's travel for the motion to compel hearing, which was also included in the affidavit and was not contested by Plaintiffs, to be reasonable. Therefore, the total award for reasonable expenses incurred in connection with the motion to compel is $4,003.10.

## IV.
## CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED** that an award of $4,003.10 in reasonable expenses, including attorney fees, is awarded to Defendants Federico Garcia and Jim Luca Electrical Contractor, Inc. and against Plaintiffs Stormi Johnson and Richard McCown, jointly and severally, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**THUS DONE AND SIGNED** in chambers this 6th day of November, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**